UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JACARA MONIQUE GARTRELL,**
on behalf of Herself and all others
similarly situated,                                     Civil Action No.

        Plaintiff,                                  **CLASS ACTION COMPLAINT**

v.                                                             **JURY TRIAL DEMANDED**

**J.J. MARSHALL & ASSOCIATES, INC.,**

        Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Jacara Monique Gartrell ("Plaintiff") files this class action complaint ("Class Action Complaint") on behalf of herself and all others similarly situated, by and through the undersigned attorneys, against J.J. Marshall & Associates, Inc. (hereinafter "J.J. Marshall" or "Defendant"), and states as follows:

**NATURE OF ACTION**

1.  This simple class action is filed on behalf of Plaintiff and a class of all others similarly situated against Defendant, a Michigan consumer debt collection corporation, who has systematically sent standard form consumer debt collection letters and ultimately collected monies from Florida consumers without registering with the State of Florida to collect consumer debts as mandated by § 559.553 of the Florida Consumer Collection Practice Act ("FCCPA").

2.  On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). *LeBlanc v.*

*Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation for the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.")

3. J.J. Marshall's actions are both illegal and unconscionable under the FCCPA and FDCPA, it is a criminal misdemeanor in Florida for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering.") FCCPA § 559.785.

4. Plaintiff seeks damages on behalf of Florida consumers under the FDCPA and FCCPA for J.J. Marshall's regular business practice of sending illegal standardized debt collection letters without being a Florida registered debt collector.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1337,1367, and 15 U.S.C. § 1692k.

6. This Court has personal jurisdiction over J.J. Marshall because it conducts business throughout the State of Florida.

7. Venue is appropriate under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

8. Plaintiff, Jacara Monique Gartrell, is a natural person and is a resident of Duval County, Florida and a Florida citizen.

9. Defendant, J.J. Marshall & Associates, Inc., is a Michigan corporation with a registered office mailing address of PO Box 182190, Shelby Township, Michigan, 48318, and is a corporate citizen of the state of Michigan.

## FACTUAL ALLEGATIONS

10. Plaintiff's alleged debt that is the subject of Defendant's dunning letter derives from her tenancy at a residential apartment complex in Jacksonville. The alleged debt is a "consumer debt" pursuant to the FDCPA and FCCPA because it is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. 15 U.S.C. §1692a(5); Fla. Stat. §559.55(6).

11. Plaintiff is a "consumer" within the meaning of the FDCPA and FCCPA. 15 U.S.C. 1692a(3); Fla. Stat. §559.55(8)

12. J.J. Marshall is a debt collector within the meaning of the FDCPA and FCCPA. 15 U.S.C. 1692a(6); Fla. Stat. §559.55(7).

13. In or around February 2019, despite knowledge that J.J. Marshall is not a Florida registered consumer debt collector, J.J. Marshall sent a standard form collection letter ("Collection Letter") to Plaintiff in an attempt to collect consumer debt. Ex. A (J.J. Marshall's standard for collection letter sent to Plaintiff).

14. Exhibit "A" appears to be a standard form letter, generated by a computer.

15. J.J. Marshall identifies itself as a "debt collection agency." Ex. A.

16. The standard form Collection Letter sent to Plaintiff constitutes an effort to collect a consumer debt and contains a payment amount and tear-away payment coupon. For example, Plaintiff's Collection Letter represents that Plaintiff is to pay $612.92 as soon as possible ("Balance Due") and even includes a tear-away coupon containing a blank space for amount paid, which evidences J.J. Marshall clearly contemplated payment through the use of its collection letter. Ex. A.

17. Upon information and belief, J.J. Marshall routinely sends standardized collection letters to Florida consumers in an attempt to receive payment on consumer debts. However, at no

point in time has J.J. Marshall possessed the authority to systematically send standard form consumer debt collection letters and ultimately collect monies from Plaintiff and putative Florida class members because J.J. Marshall never registered with the State of Florida to collect consumer debts as mandated by § 559.553 of the Florida Consumer Collection Practice Act ("FCCPA").

18. J.J. Marshall does not fall within any of the consumer debt registration exemptions contained within Fla. Stat. §559.553(4).

19. J.J. Marshall's unregistered collection activities against Plaintiff and putative Florida class members constitutes a criminal misdemeanor pursuant to the FCCPA § 559.785.

20. J.J. Marshall's conduct as described herein should be declared unlawful by this Court.

21. J.J. Marshall should be enjoined from sending collection letters requesting payments for debt to Florida consumers in the manner described herein because they are not registered in accordance with Florida law.

22. J.J. Marshall should be forced to disgorge all ill-gotten gains collected form consumers as a result of its unlawful conduct, as well as ordered to pay actual and statutory damages.

## CLASS ALLEGATIONS

23. Plaintiff brings this claim pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class defined as:

> All persons in the State of Florida who received at least one collection letter from J.J. Marshall in substantially the same form as the letter found in composite **Exhibit A.**

24. The class period for each claim in this Complaint is equivalent to the applicable statutes of limitations, FDCPA (1 year) and FCCPA (2 years).

25. Upon information and belief, J.J. Marshall developed and regularly employs a business model and computer-software platform where they systematically seek to collect consumer debt in Florida without being registered as a Florida consumer debt collector by sending debt collection letters to Florida consumers, including form collection letters that include detachable payment coupons in an effort to seek monetary recoveries.

26. The class is so numerous that joinder of all members is impractical. J.J. Marshall routinely uses standard form collection letters similar to Composite Exhibit A when attempting to collect debt in Florida. J.J. Marshall uses the same standard form collection letters in connection with its collection efforts in hundreds if not thousands of instances.

27. There are questions of law and fact common to the class which predominate over any questions affecting only individual members. The principal issue raised by this claim is whether J.J. Marshall violated the FDCPA and FCCPA by sending debt collection letters in Florida without ever registering with the State of Florida as a consumer debt collector as required by the FCCPA.

28. The only individual question concerns the identification of the person whose consumer rights have been violated by J.J. Marshall's practices, which are the subject of this complaint. This can be determined by a ministerial examination of J.J. Marshall's records.

29. Plaintiff's claims are typical of those of the class members All are entitled to relief by virtue of J.J. Marshall's violation of the FDCPA and FCCPA.

30. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in class actions as well as the handling of actions involving unlawful business practices. Neither Plaintiff nor her counsel have any interests antagonistic to the Class or which might cause them not to vigorously pursue this action.

31. Certification of a class under Rule 23(b)(3) is appropriate, in that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The interests of the class members in individually controlling the prosecution and defense of separate actions is minimal, in that the class members are unlikely to be aware that their rights were violated and in that individual actions are uneconomical. Difficulties likely to be encountered in managing this class action are substantially less than those that are involved in other types of cases routinely certified as class actions.

32. J.J. Marshall has acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief and corresponding final injunctive relief under Rule 23(b)(2) appropriate with respect to the Classes as a whole. J.J. Marshall should be enjoined from sending collection letters Florida consumers because J.J. Marshall is not a registered Florida consumer debt collector.

## COUNT I
**Violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. ("FDCPA")**

33. Plaintiff repeats and re-alleges every allegation from every paragraph above, as if set forth herein in full.

34. At all times material herein, Plaintiff and others similarly situated were "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a consumer debt.

35. At all material times herein, Plaintiff's debt and the debt of others similarly situated were consumer "debts" as defined by 15 U.S.C. 1692a (5), since they were obligations of a consumer to pay money arising out of a transaction in which the money and property which were the subject of the transaction were primarily for personal, family, or household purposes.

36. At all times material herein, J.J. Marshall was acting as a "debt collector," as that term is defined by 15 U.S.C. § 1692a (6).

37. The Collection Letter J.J. Marshall sent to Plaintiff and others similarly situated were "communications" as that term is defined by 15 U.S.C. § 1692a(2), since they were mediums used to directly convey information on a debt.

38. J.J. Marshall's failure to register in Florida as a consumer debt collector as mandated by Florida Statutes § 559.553, while actively and regularly engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e and e(10) because attempting to collect Plaintiff's and class members' debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

39. J.J. Marshall's failure to register in Florida as a consumer debt collector as mandated by Florida Statutes § 559.553, while actively and regularly engaging in debt collection in the State of Florida, violated 15 U.S.C. § 1692e(2)(A) because attempting to collect Plaintiff and Class members' debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the debt.

40. J. J. Marshall's failure to register in Florida as a consumer debt collector as mandated by Florida Statutes § 559.553, while actively and regularly engaging in debt collection in the State of Florida, violated 15 U.S.C. § 1692e(5) because attempting to collect Plaintiff and Class members' debt and/or actually collecting a debt while not licensed as required by Florida law and claiming that it may collect money from a consumer is a threat to take action that cannot legally be taken.

41. At all material times herein, J.J. Marshall knew or should have known that the debt it was attempting to or did collect from the Plaintiff and the Class Members was from Florida residents where J.J. Marshall is not a registered debt collector, which is required by Florida law.

42. In or around February 2019, despite knowledge that J.J. Marshall is not a Florida registered consumer debt collector, J.J. Marshall sent a standard form collection letter ("Collection Letter") to Plaintiff in an attempt to collect a Florida consumer debt. Ex. A (J.J. Marshall's standard for collection letter sent to Plaintiff).

43. In the standard form Collection Letter sent to Plaintiff and class members, J.J. Marshall identifies itself as a "debt collection agency." Ex. A.

44. The standard form Collection Letter sent to Plaintiff and class members constitutes an effort to collect a consumer debt and contains a payment amount and tear-away payment coupon. For example, Plaintiff's Collection Letter represents that Plaintiff is to pay $612.92 as soon as possible ("Balance Due") and even includes a tear-away coupon containing a blank space for amount paid, which evidences J.J. Marshall clearly contemplated payment from Plaintiff. Ex. A.

45. As a direct and proximate result of J.J. Marshall's FDCPA violations, Plaintiff and others similarly situated have been harmed. Plaintiff and others similarly situated are entitled to actual damages, statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

46. For purposes of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test.

47. Plaintiff, on behalf of herself and others similarly situated, retained the undersigned attorneys for the purposes of pursuing this matter against J.J. Marshall and is obligated to pay her attorneys a reasonable fee for services.

48. Because J.J. Marshall's actions were intentional, willful and/or without regard for Plaintiff's rights, Plaintiff reserves the right to seek punitive damages upon the showing on the records of evidence sufficient to form the basis of a claim for punitive damages.

## COUNT II
### Violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA")

49. Plaintiff repeats and re-alleges every allegation from every paragraph above, as if set forth herein in full.

50. At all times material herein, Plaintiff and Class Members were "debtors" and "consumers" as defined by Fla. Stat. 559.55(8).

51. At all times material herein, Plaintiff's alleged debt and the debt of the Class members were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(6).

52. At all times material herein, J.J. Marshall was a "person" as referred to under Fla. Stat. § 559.72.

53. Fla. Stat. §559.553(1) declares, "a person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration."

54. FCCPA section 559.72 (10) declares:

In collecting consumer debts, no person shall:

> Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government agency, or attorney at law, when it is not.

55. During the relevant time period, J.J. Marshall regularly and systematically charged and collected consumer debt from Plaintiff and Class members in the State of Florida without registering as a consumer debt collector as required by Fla. Stat. §559.553(1) and simulated and gave the appearance of being authorized to collect consumer debt in the State of Florida in violation of Fla. Stat. §559.72(10).

56. For purposes of the claims brought in this action the applicable standard is the "least sophisticated" consumer test.

57. As a direct and proximate result of J.J. Marshall's FCCPA violations Plaintiff and the Class have been harmed. Plaintiff and the Class are entitled to actual damages, statutory damages, attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

58. Plaintiff and the Class seek an injunction prohibiting J.J. Marshall from charging and collecting debt in the State of Florida while not being a registered consumer debt collector in the State of Florida because they are likely to continue to unlawfully attempt to collect debt in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing undersigned as Class Counsel;

b. Adjudging that J.J. Marshall violated the FDCPA and FCCPA sections enumerated above, and awarding Plaintiff and Class members actual and statutory damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. §559.77(2);

c. Declaring that J.J. Marshall unlawfully attempted to and actually collected debt in Florida while not being registered as a consumer debt collector as required by Florida law;

d. Enjoining J.J. Marshall from sending Collection Letters similar to those attached as "Exhibit A" in the manner described in this lawsuit;

e. Ordering disgorgement of all ill-gotten sums collected in violation law;

f. Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. §559.77(2);

g. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

h. Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

DATED: APRIL 17, 2019                    **VARNELL & WARWICK, P.A.**

                                         BY:    /s/ Brian W. Warwick
                                                BRIAN W. WARWICK; FBN: 0605573
                                                JANET R. VARNELL; FBN: 0071072
                                                P.O. BOX 1870
                                                LADY LAKE, FL 32158
                                                TELEPHONE: (352) 753-8600
                                                FACSIMILE: (352) 504-3301
                                                *Bwarwick@varnellandwarwick.com*
                                                *jvarnell@varnellandwarwick.com*
                                                *kstroly@varnellandwarwick.com*

                THE LAW OFFICE OF GLENN S. BANNER, P.A.
                GLENN BANNER
                FLORIDA BAR NO.: 0620254
                5245 COMMISSIONERS DRIVE
                JACKSONVILLE, FL 32224
                TELEPHONE: (904) 240-4401
                *GBANNER@GBANNERLAW.COM*

                ***ATTORNEYS FOR PLAINTIFF***