UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JACARA MONIQUE GARTRELL,**
on behalf of Herself and all others
similarly situated,

        Plaintiff,

v.

**J.J. MARSHALL & ASSOCIATES, INC.,**

        Defendant.
_____/

Case No. 3:19-cv-00442-TJC-JBT

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff JaCara Monique Gartrell ("Plaintiff") files this First Amended Class Action Complaint ("Class Action Complaint") on behalf of herself and all others similarly situated, by and through the undersigned attorneys, against J.J. Marshall & Associates, Inc. (hereinafter "J.J. Marshall" or "Defendant"), and states as follows:

**NATURE OF ACTION**

1. This simple class action is filed on behalf of Plaintiff and a class of all others similarly situated against Defendant, a Michigan consumer debt collection corporation, who has systematically sent standard form consumer debt collection letters and ultimately collected money from Florida consumers without registering with the State of Florida to collect consumer debts as mandated by § 559.553 of the Florida Consumer Collection Practice Act ("FCCPA").

2. On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). *LeBlanc v.*

*Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation for the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.")

3. J.J. Marshall's actions are both illegal and unconscionable under the FCCPA and FDCPA. It is a criminal misdemeanor in Florida for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering.") FCCPA § 559.785.

4. Plaintiff seeks damages on behalf of Florida consumers under the FDCPA and FCCPA for J.J. Marshall's regular business practice of sending illegal standardized debt collection letters without being a Florida registered debt collector.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k.

6. This Court has personal jurisdiction over J.J. Marshall because it conducts business throughout the State of Florida.

7. Venue is appropriate under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

8. Plaintiff, JaCara Monique Gartrell, is a natural person and is a resident of Duval County, Florida and a Florida citizen.

9. Defendant, J.J. Marshall & Associates, Inc., is a Michigan corporation with a registered office mailing address of PO Box 182190, Shelby Township, Michigan, 48318, and is a corporate citizen of the state of Michigan.

## FACTUAL ALLEGATIONS

10. Plaintiff's alleged debt that is the subject of Defendant's dunning letter derives from her tenancy at a residential apartment complex in Jacksonville. The alleged debt is a "consumer debt" pursuant to the FDCPA and FCCPA because it is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. 15 U.S.C. §1692a(5); Fla. Stat. §559.55(6).

11. Plaintiff is a "consumer" within the meaning of the FDCPA and FCCPA. 15 U.S.C. 1692a(3); Fla. Stat. §559.55(8)

12. J.J. Marshall is a debt collector within the meaning of the FDCPA and FCCPA. 15 U.S.C. 1692a(6); Fla. Stat. §559.55(7).

13. In or around February 2019, despite knowledge that it is not a Florida registered consumer debt collector, J.J. Marshall sent a standard form collection letter ("Collection Letter") to Plaintiff in an attempt to collect consumer debt. Ex. A (J.J. Marshall's standard for collection letter sent to Plaintiff).

14. Exhibit "A" appears to be a standard form letter, generated by a computer.

15. J.J. Marshall identifies itself in the letter as a "debt collection agency." Ex. A.

16. The standard form Collection Letter sent to Plaintiff constitutes an effort to collect a consumer debt and contains a payment amount and tear-away payment coupon. For example, the Collection Letter represents that Plaintiff is to pay $612.92 as soon as possible ("Balance Due") and even includes a tear-away coupon containing a blank space for the consumer to write in the amount paid, which evidences J.J. Marshall clearly contemplated payment through the use of its collection letter. Ex. A.

17. Plaintiff relied on the representations in the Collection Letter that J.J. Marshall could collect the debt, and because of the concerns caused by the receipt of the Collection Letter, Plaintiff took the time to contact her lawyer.

18. Plaintiff found J.J. Marshall's illegal debt collection letter intimidating, and made her upset and stressed, so she sent the letter to her attorney. Additionally, J.J. Marshall's illegal debt collection letter caused plaintiff to be anxious because receiving a debt collection letter from what appeared to be a legitimate debt collector made her believe she had to pay the amount claimed to be owed in order to protect her credit, although she did not think she was responsible for the debt.

19. Plaintiff wasted time addressing the unregistered debt collection letter sent from J.J. Marshall. First, she read the Collection Letter several times and thought about paying the balance, which caused her concern because she did not think she was responsible for the amount owed. Second, when she received the letter, she was concerned that J.J. Marshall could take legal action against her to collect the debt, so she contacted her lawyer. She spent yet more time speaking with and communicating with her attorney on multiple occasions to address what she mistakenly believed was a legitimate debt collection effort by a licensed debt collector. While taking these steps, Plaintiff was unavailable for otherwise legitimate pursuits.

20. J.J. Marshall's Collection Letter attempting to collect money from Plaintiff was false and deceptive, as she was not informed in the Collection Letter that J.J. Marshall was not licensed in Florida, and was therefore not legally permitted to attempt to collect debts from her. Had she known these truths at the outset, she would not have been so concerned and stressed about the letter or the collection efforts. However, J.J. Marshall failed to disclose in its Collection Letter the material fact that it was not lawfully permitted to collect any money from Plaintiff, which

resulted in the Plaintiff spending time communicating with her attorney, and unnecessarily causing stress and anxiety worrying about the debt.

21. When Plaintiff received the letter J.J. Marshall sent her, Plaintiff was unaware of her statutory right to receive collection letters only from Florida-registered debt collectors. Had Plaintiff not consulted with her lawyer, she would have utilized one of the payment options in the letter despite J.J. Marshall being unregistered to collect debt in Florida.

22. Through J.J. Marshall's unregistered collection letters, Plaintiff and Class Members suffered an increased risk of paying monies to an unregistered debt collector in Florida, which is a violation of a substantive legal right (that is, a private, state congressionally-created right), in FCCPA Section 559.72 (10) which states that, "no person shall: use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government agency, or attorney at law, when it is not." The Florida state legislature intended to decrease the risk of consumers paying money to unregistered debt collectors by making it a violation of the FCCPA for debt collectors to send a communication (letter) to consumers that gives the appearance of being authorized as a licensed debt collector.

23. J.J. Marshall never registered with the State of Florida to collect consumer debts as mandated by § 559.553 of the Florida Consumer Collection Practices Act ("FCCPA").

24. Once Plaintiff learned that Defendant was not authorized to collect debt in Florida she became further stressed and concerned as she did not know what would happen if she did not pay the debt. She was uncertain that since J.J. Marshall was not registered to conduct consumer debt collections in Florida, any action she took to address the debt would be ineffective, causing her distress and anxiety that the debt could negatively impact her credit or lead to legal action. To date, J.J. Marshall insists that it can lawfully collect Plaintiff's debt despite not being registered.

25. Upon information and belief, J.J. Marshall routinely sends standardized collection letters to Florida consumers in an attempt to receive payment on consumer debts. However, at no point in time has J.J. Marshall possessed the authority to systematically send standard form consumer debt collection letters and ultimately collect money from Plaintiff and putative Florida Class Members because J.J. Marshall never registered with the State of Florida to collect consumer debts as mandated by § 559.553 of the Florida Consumer Collection Practice Act ("FCCPA").

26. J.J. Marshall does not fall within any of the consumer debt registration exemptions contained within Fla. Stat. §559.553(4).

27. J.J. Marshall's unregistered collection activities against Plaintiff and putative Florida Class Members constitutes a criminal misdemeanor pursuant to the FCCPA § 559.785.

28. J.J. Marshall's conduct as described herein should be declared unlawful by this Court.

29. J.J. Marshall should be enjoined from sending collection letters requesting payments for debt to Florida consumers in the manner described herein because they are not registered in accordance with Florida law.

30. J.J. Marshall should be forced to disgorge all ill-gotten gains collected form consumers as a result of its unlawful conduct, as well as ordered to pay actual and statutory damages.

## CLASS ALLEGATIONS

31. Plaintiff brings this claim pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class defined as:

> All persons in the State of Florida who received at least one collection letter from J.J. Marshall in substantially the same form as the letter found in composite **Exhibit A.**

32. The Class period for each claim in this Complaint is equivalent to the applicable statutes of limitations, FDCPA (1 year) and FCCPA (2 years).

33. Upon information and belief, J.J. Marshall developed and regularly employs a business model and computer-software platform where they systematically seek to collect consumer debt in Florida without being registered as a Florida consumer debt collector by sending debt collection letters to Florida consumers, including form collection letters that include detachable payment coupons in an effort to seek monetary recoveries.

34. The Class is so numerous that joinder of all members is impractical. J.J. Marshall routinely uses standard form collection letters similar to Composite Exhibit A when attempting to collect debt in Florida. J.J. Marshall uses the same standard form collection letters in connection with its collection efforts in hundreds if not thousands of instances.

35. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The principal issue raised by this claim is whether J.J. Marshall violated the FDCPA and FCCPA by sending debt collection letters in Florida without ever registering with the State of Florida as a consumer debt collector as required by the FCCPA.

36. The only individual question concerns the identification of the person whose consumer rights have been violated by J.J. Marshall's practices, which are the subject of this Complaint. This can be determined by a ministerial examination of J.J. Marshall's records.

37. Plaintiff's claims are typical of those of the Class Members. All are entitled to relief by virtue of J.J. Marshall's violation of the FDCPA and FCCPA.

38. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in class actions as well as the handling of actions involving unlawful

business practices. Neither Plaintiff nor her counsel have any interests antagonistic to the Class or which might cause them not to vigorously pursue this action.

39. Certification of a class under Rule 23(b)(3) is appropriate, in that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The interests of the Class Members in individually controlling the prosecution and defense of separate actions is minimal, in that the Class Members are unlikely to be aware that their rights were violated and in that individual actions are uneconomical. Difficulties likely to be encountered in managing this class action are substantially less than those that are involved in other types of cases routinely certified as class actions.

40. J.J. Marshall has acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief and corresponding final injunctive relief under Rule 23(b)(2) appropriate with respect to the Classes as a whole.  J.J. Marshall should be enjoined from sending collection letters Florida consumers because J.J. Marshall is not a registered Florida consumer debt collector.

## COUNT I
**Violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. ("FDCPA")**

41. Plaintiff repeats and re-alleges paragraphs 1-40 above, as if set forth herein in full.

42. At all times material herein, Plaintiff and others similarly situated were "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a consumer debt.

43. At all material times herein, Plaintiff's debt and the debt of others similarly situated were consumer "debts" as defined by 15 U.S.C. 1692a(5), since they were obligations of a consumer to pay money arising out of a transaction in which the money and property which were the subject of the transaction were primarily for personal, family, or household purposes.

44. At all times material herein, J.J. Marshall was acting as a "debt collector," as that term is defined by 15 U.S.C. § 1692a (6).

45. The Collection Letter J.J. Marshall sent to Plaintiff and others similarly situated were "communications" as that term is defined by 15 U.S.C. § 1692a(2), since they were mediums used to directly convey information on a debt.

46. J.J. Marshall's failure to register in Florida as a consumer debt collector as mandated by Florida Statutes § 559.553, while actively and regularly engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e and e(10) because attempting to collect Plaintiff's and Class Members' debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

47. J.J. Marshall's failure to register in Florida as a consumer debt collector as mandated by Florida Statutes § 559.553, while actively and regularly engaging in debt collection in the State of Florida, violated 15 U.S.C. § 1692e(2)(A) because attempting to collect Plaintiff and Class Members' debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the debt.

48. J.J. Marshall's failure to register in Florida as a consumer debt collector as mandated by Florida Statutes § 559.553, while actively and regularly engaging in debt collection in the State of Florida, violated 15 U.S.C. § 1692e(5) because attempting to collect Plaintiff and Class Members' debt and/or actually collecting a debt while not licensed as required by Florida law and claiming that it may collect money from a consumer is a threat to take action that cannot legally be taken.

49. At all material times herein, J.J. Marshall knew or should have known that the debt it was attempting to or did collect from the Plaintiff and the Class Members was from Florida residents where J.J. Marshall is not a registered debt collector, which is required by Florida law.

50. In or around February 2019, despite knowledge that J.J. Marshall is not a Florida registered consumer debt collector, J.J. Marshall sent a standard form collection letter to Plaintiff in an attempt to collect a Florida consumer debt. Ex. A.

51. In the standard form Collection Letter sent to Plaintiff and Class Members, J.J. Marshall identifies itself as a "debt collection agency." Ex. A.

52. The standard form Collection Letter sent to Plaintiff and Class Members constitutes an effort to collect a consumer debt and contains a payment amount and tear-away payment coupon. For example, Plaintiff's Collection Letter represents that Plaintiff is to pay $612.92 as soon as possible ("Balance Due") and even includes a tear-away coupon containing a blank space for amount paid, which evidences J.J. Marshall clearly contemplated payment from Plaintiff. Ex. A.

53. As a direct and proximate result of J.J. Marshall's FDCPA violations, Plaintiff and others similarly situated have been harmed. Plaintiff and others similarly situated are entitled to actual damages, statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

54. Plaintiff relied on the representations in the Collection Letter that J.J. Marshall could collect the debt, and because of her concerns caused by the receipt of the Collection Letter, Plaintiff took the time to contact an attorney. Plaintiff took time to scan and email the Collection Letter to her attorney and then took time to discuss it with him.

55. Plaintiff found J.J. Marshall's illegal debt collection letter intimidating and made her upset because she had to hire an attorney, which was emotionally stressful, as Plaintiff is not one who likes to be in trouble. Additionally, J.J. Marshall's illegal debt collection letter caused plaintiff to be anxious because receiving a debt collection letter from what appeared to be a legitimate government authorized debt collector made her believe she may have to pay the amount claimed to be owed (or risk credit reporting issues), when she believed the amount attempted to be collected was not due to begin with.

56. Plaintiff wasted time addressing the unregistered debt collection letter sent from J.J. Marshall. First, she read the Collection Letter several times and thought about the Collection Letter which caused her concern because she did not owe the money. Second, she was concerned that J.J. Marshall could take legal action against her to collect the debt she did not owe. She then spent time to contact her attorney to help her with J.J. Marshall's collection efforts. She spent yet more time speaking with and communicating with her attorney on multiple occasions to address what she mistakenly believed was a legitimate debt collection effort by a licensed debt collector. While taking these steps, Plaintiff was unavailable for otherwise legitimate pursuits.

57. J.J. Marshall's Collection Letter attempting to collect money from Plaintiff was false and deceptive, as she was not informed in the Collection Letter that J.J. Marshall was not licensed in Florida, and was not legally permitted to attempt to collect debts from her. Had she known these truths, she would not have been so concerned and stressed about the letter or the collection efforts. However, J.J. Marshall failed to disclose to her the material fact that it was not lawfully permitted to collect from Plaintiff, which resulted in the Plaintiff spending time communicating with her attorney, and unnecessary stress, anxiety and worry about the debt.

58. When Plaintiff received the letter J.J. Marshall sent her, Plaintiff was confused and uncertain about her statutory right to receive collection letters only from Florida registered debt collectors. Had Plaintiff not hired an attorney to address her concerns, she would have utilized one of the payment options in the letter despite J.J. Marshall being unregistered to collect debt in Florida.

59. Through J.J. Marshall's unregistered collection letters, Plaintiff and Class Members suffered an increased risk of paying monies to an unregistered debt collector in Florida, which is a violation of a substantive legal right (that is, a private, state congressionally-created right), in FCCPA Section 559.72 (10) which states that, "no person shall: use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government agency, or attorney at law, when it is not." The Florida state legislature intended to decrease the risk of consumers paying money to unregistered debt collectors by making it a violation of the FCCPA for debt collectors to send a communication (letter) to consumers that gives the appearance of being authorized as a licensed debt collector.

60. It was determined that J.J. Marshall never registered with the State of Florida to collect consumer debts as mandated by § 559.553 of the Florida Consumer Collection Practices Act ("FCCPA").

61. Once Plaintiff learned that Defendant was not authorized to collect debt in Florida she became further stressed and concerned as she did not know how to respond to the Collection Letter. She was fearful that since J.J. Marshall was not registered to conduct consumer debt collections in Florida, any action she took to address the debt would be ineffective, causing her fear and anxiety that the debt could negatively impact her credit or lead to legal action.

62. For purposes of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test.

63. Plaintiff, on behalf of herself and others similarly situated, retained the undersigned attorneys for the purposes of pursuing this matter against J.J. Marshall and is obligated to pay her attorneys a reasonable fee for services.

64. Because J.J. Marshall's actions were intentional, willful and/or without regard for Plaintiff's rights, Plaintiff reserves the right to seek punitive damages upon the showing on the records of evidence sufficient to form the basis of a claim for punitive damages.

## COUNT II
### Violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA")

65. Plaintiff repeats and re-alleges paragraphs 1-40 above, as if set forth herein in full.

66. At all times material herein, Plaintiff and Class Members were "debtors" and "consumers" as defined by Fla. Stat. § 559.55(8).

67. At all times material herein, Plaintiff's alleged debt and the debt of the Class Members were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(6).

68. At all times material herein, J.J. Marshall was a "person" as referred to under Fla. Stat. § 559.72.

69. Fla. Stat. § 559.553(1) declares, "a person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration."

70. FCCPA section § 559.72 (10) declares:

In collecting consumer debts, no person shall:

>Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government agency, or attorney at law, when it is not.

71. During the relevant time period, J.J. Marshall regularly and systematically charged and collected consumer debt from Plaintiff and Class Members in the State of Florida without registering as a consumer debt collector as required by Fla. Stat. § 559.553(1) and simulated and gave the appearance of being authorized to collect consumer debt in the State of Florida in violation of Fla. Stat. § 559.72(10).

72. For purposes of the claims brought in this action, the applicable standard is the "least sophisticated" consumer test.

73. As a direct and proximate result of J.J. Marshall's FCCPA violations Plaintiff and the Class have been harmed. Plaintiff and the Class are entitled to actual damages, statutory damages, attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

74. Plaintiff relied on the representations in the Collection Letter that J.J. Marshall could collect the debt, and because of her concerns caused by the receipt of the Collection Letter, Plaintiff took the time to contact an attorney.

75. Plaintiff found J.J. Marshall's illegal debt collection letter intimidating and made her upset because she had to hire an attorney, which was emotionally stressful, as Plaintiff is not one who likes to be in trouble. Additionally, J.J. Marshall's illegal debt collection letter caused plaintiff to be anxious because receiving a debt collection letter from what appeared to be a legitimate debt collector made her believe she may have to pay the amount claimed to be owed in order to protect her credit, when she believed the amount attempted to be collected was not due to begin with.

76. Plaintiff wasted time addressing the unregistered debt collection letter sent from J.J. Marshall. First, she read the Collection Letter several times and thought about the Collection

Letter which caused her concern because she did not owe the money. Second, she was concerned that J.J. Marshall could take legal action against her to collect the debt she did not owe. She then spent time to contact her attorney to help her with J.J. Marshall's collection efforts. She then spent time speaking with and communicating with her attorney on multiple occasions to address what she mistakenly believed was a legitimate debt collection effort by a licensed debt collector. While taking these steps, Plaintiff was unavailable for otherwise legitimate pursuits.

77. J.J. Marshall's Collection Letter attempting to collect money from Plaintiff was false and deceptive, as she was not informed in the Collection Letter that J.J. Marshall was not licensed in Florida, and was not legally permitted to attempt to collect debts from her. Had she known these truths, she would not have been so concerned and stressed about the letter or the collection efforts. However, J.J. Marshall failed to disclose to her the material fact that it was not lawfully permitted to collect from Plaintiff, which resulted in the Plaintiff spending time communicating with her attorney, and unnecessary stress and anxiety worrying about the debt.

78. When Plaintiff received the letter J.J. Marshall sent her, Plaintiff was confused and uncertain about her statutory right to receive collection letters only from Florida registered debt collectors. Had Plaintiff not hired an attorney to address her concerns, she would have utilized one of the payment options in the letter despite J.J. Marshall being unregistered to collect debt in Florida.

79. Through J.J. Marshall's unregistered collection letters, Plaintiff and Class Members suffered an increased risk of paying monies to an unregistered debt collector in Florida, which is a violation of a substantive legal right (that is, a private, state congressionally-created right), in FCCPA Section § 559.72 (10) which states that, "no person shall: use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized,

issued, or approved by a government agency, or attorney at law, when it is not." The Florida State Legislature intended to decrease the risk of consumers paying money to unregistered debt collectors by making it a violation of the FCCPA for debt collectors to send a communication (letter) to consumers that gives the appearance of being authorized as a licensed debt collector.

80. J.J. Marshall never registered with the State of Florida to collect consumer debts as mandated by § 559.553 of the Florida Consumer Collection Practices Act ("FCCPA").

81. Once Plaintiff learned that Defendant was not authorized to collect debt in Florida she became further stressed and concerned as she did not know how to respond to the Collection Letter. She was fearful that since J.J. Marshall was not registered to conduct consumer debt collections in Florida, any action she took to address the debt would be ineffective, causing her fear and anxiety that the debt could negatively impact her credit or lead to legal action. To date, J.J. Marshall insists that it can lawfully collect from Plaintiff despite not being registered.

82. Plaintiff and the Class seek an injunction prohibiting J.J. Marshall from charging and collecting debt in the State of Florida while not being a registered consumer debt collector in the State of Florida because they are likely to continue to unlawfully attempt to collect debt in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

A. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing undersigned as Class Counsel;

  B. Adjudging that J.J. Marshall violated the FDCPA and FCCPA sections enumerated above, and awarding Plaintiff and Class Members actual and statutory damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. §559.77(2);

  C. Declaring that J.J. Marshall unlawfully attempted to and actually collected debt in Florida while not being registered as a consumer debt collector as required by Florida law;

  D. Enjoining J.J. Marshall from sending Collection Letters similar to those attached as Exhibit A in the manner described in this lawsuit;

  E. Ordering disgorgement of all ill-gotten sums collected in violation law;

  F. Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. §559.77(2);

  G. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

  H. Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: December 4, 2020    **VARNELL & WARWICK, P.A.**

        By: /s/ Brian W. Warwick
          Brian W. Warwick; FBN: 0605573
          Janet R. Varnell; FBN: 0071072
          Matthew T. Peterson, FBN: 1020720
          1101 E. Cumberland Ave., Suite 201H, #105
          Tampa, Florida 33602
          Telephone: (352) 753-8600
          Facsimile: (352) 504-3301
          bwarwick@varnellandwarwick.com
          jvarnell@varnellandwarwick.com
          mpeterson@varnellandwarwick.com
          awallace@varnellandwarwick.com

          **THE LAW OFFICE OF GLENN S. BANNER, P.A.**

Glenn Banner, FBN: 0620254<br>
5245 Commissioners Drive<br>
Jacksonville, Florida 32224<br>
Telephone: (904) 240-4401<br>
gbanner@gbannerlaw.com<br>
***ATTORNEYS FOR PLAINTIFF***

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2020, I served the foregoing via the Court's CM/ECF filing system, which electronically transmitted a copy to Defendant's counsel as follows:

JOSEPH C. PROULX, ESQ.
jproulx@gsgfirm.com
DALE T. GOLDEN, ESQ.
dgolden@gsgfirm.com
GOLDEN SCAZ GAGAIN, PLLC
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675

Counsel for Defendant

/s/ Brian W. Warwick<br>
**BRIAN W. WARWICK**