**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JACARA MONIQUE GARTRELL,
on behalf of Herself and all others
similarly situated,

    Plaintiff,

v.   Case No. 3:19-cv-442-J-32JBT

J.J. MARSHALL & ASSOCIATES,
INC.,

    Defendant.

## O R D E R

This case is before the Court on Plaintiff's Combined Motion to Modify the Scheduling Order and for Leave to Amend the Complaint. (Doc. 53). In the Motion, (Doc. 53), Plaintiff Jacara Monique Gartrell seeks leave to amend her complaint to include further allegations of her injuries after the deadline to amend pleadings has passed.

The parties' deadline to amend pleadings set in the Phase I Case Management and Scheduling Order and Referral to Mediation, (Doc. 17), was December 16, 2019. As class certification proceedings were underway in Gartrell's case in July 2020, the Eleventh Circuit decided Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990 (11th Cir. 2020). Trichell declared that a plaintiff alleging a violation of the Fair Debt Collection Practices Act ("FDCPA")

must allege a concrete injury beyond the bare FDCPA violation to have Article III standing. Id. at 1005. Gartrell requests permission to amend the Court's Scheduling Order (Doc. 17) to accept filing of her amended complaint that seeks to strengthen her standing allegations in light of Trichell. (Doc. 53).

## I. BACKGROUND

Gartrell alleges that Defendant J.J. Marshall & Associates, Inc. violated the FDCPA and the Florida Consumer Collection Practice Act ("FCCPA") by sending her a collection letter without being a registered debt collector in Florida. (Doc. 1). In April 2020, this Court denied J.J. Marshall's Motion for Summary Judgment and set a hearing on Gartrell's Motion for Class Certification for July 23, 2020. (Doc. 36). On July 9, 2020, J.J. Marshall submitted a Notice of Supplemental Authority regarding the Eleventh Circuit's recent decision in Trichell. (Doc. 43). The same day, the Court ordered briefing on whether Gartrell had standing in light of Trichell. (Doc. 44). Both parties filed briefs on that topic. (Docs. 45, 48). Subsequently, the Eleventh Circuit and district courts, as well as other circuits, issued decisions applying and elaborating on Trichell, supplemental authority of which the parties diligently advised the Court. (Docs. 49, 50, 51, 55, 56, 57).

## II. DISCUSSION

### A. Gartrell's Motion to Modify the Scheduling Order[1]

A motion to amend a pleading after the Court-set deadline has passed should be granted "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The extension should be granted if the existing deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Id. (advisory committee's note to 1983 amendment).

Here, Gartrell requested leave to amend within a reasonable time after the Eleventh Circuit handed down new jurisprudence on standing related to her case, including Trichell in July 2020, (Doc. 43), and Muransky v. Godiva Chocolatier, Inc., 979 F.3d 917 (11th Cir. 2020), in October 2020, (Doc. 52). As Gartrell notes, when she initially filed her complaint and prepared for class certification, "it [was] undisputed that [she] had alleged all that was needed for Article III standing under the then controlling 11th Circuit law." (Doc. 54 at 3). She was diligent about preparing for the class certification hearing, and complied with the Court's order to brief the standing issues related to her case. See Docs. 45, 50. The Eleventh Circuit's decision in Trichell and subsequent

---

[1] The Court vacated remaining deadlines in the Case Management and Scheduling Order (Doc. 17) on February 7, 2020, when the deadline to amend pleadings had already passed. (Doc. 27).

developments in case law are sufficient good cause upon which to modify the scheduling order and permit late amendment of Gartrell's pleading.

### B. Gartrell's Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) requires district courts to "freely give leave [to amend a pleading] when justice so requires." The Eleventh Circuit has a "strong preference" for granting leave to amend. Domke v. MRS BPO, LLC, No. 8:19-CV-1442-T-36AEP, 2020 WL 513807, at *5 (M.D. Fla. Jan. 31, 2020); see Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981)) (alteration in original). Gartrell has properly moved for leave to amend, and there is no substantial reason to deny it.[2]

Denial of leave to amend is justified when the amended complaint is still subject to dismissal. Burger King, 169 F.3d at 1320. Gartrell's amended complaint alleges that she found the letter "intimidating," that it made her "anxious," and that she expended time and energy reading the letter and

---

[2] Gartrell has complied with the "proper method" to request leave to amend by submitting a motion to amend that "either set[s] forth the substance of the proposed amendment or attach[es] a copy of the proposed amendment." Rance v. Winn, 287 F. App'x 840, 841 (11th Cir. 2008) (quoting Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999)).

sending it to her attorney. (Doc. 53-1, ¶¶ 55, 56). In so doing, the amended complaint attempts to sufficiently allege that Gartrell experienced injuries that give rise to standing under Trichell. Gartrell should have the opportunity to argue that she has standing, and if she does, to argue the merits of her claim. Any prejudice to J.J. Marshall in allowing amendment does not outweigh the interests of justice in allowing Gartrell to proceed.

### C. Jurisdiction

J.J. Marshall argues that Gartrell did not allege sufficient facts for standing under the requirements of Trichell, and therefore that this Court lacks jurisdiction and must dismiss her complaint without ruling on her motions. (Doc. 54). J.J. Marshall states that "[t]he court cannot act in the absence of jurisdiction, so it cannot find jurisdiction lacking and then, create jurisdiction post factum by authorizing amendment to a factually deficient complaint." (Doc. 54 at 8).

Under settled pleading principles, the court retains discretion to allow amendment to cure jurisdictional defects. Also, Congress has authorized amended complaints by statute, permitting "[d]efective allegations of jurisdiction. . . [to be] amended, upon terms, in the trial or appellate courts." 28 U.S.C.A. § 1653. Under the plain meaning of the statute, any "[d]efective allegations of jurisdiction may be amended." Schlesinger v. Councilman, 420 U.S. 738, 745 n.9 (1975). Were J.J. Marshall's arguments about standing taken

5

to their logical end, no plaintiff would ever be permitted to amend a complaint for lack of standing in any situation, contradicting § 1653.

Of course, § 1653 applies only to correct "statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves."[3] <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 831 (1989). As Justice Marshall wrote, "the jurisdiction of the Court depends upon the state of things at the time of the action brought." <u>Mollan v. Torrance</u>, 22 U.S. 537, 539 (1824) (reversing and remanding to permit plaintiffs to amend their pleadings to properly allege parties' citizenship for diversity jurisdiction). Gartrell's proposed amended complaint does not change the "state of things," or Gartrell's injuries upon receiving the letter from J.J. Marshall. It does not contradict her prior statements. <u>Cf.</u> Order Granting Defendants' Motion to Dismiss for Lack of Jurisdiction, Doc. 162, <u>Holzman v. Malcolm S. Gerald & Assoc., Inc., and LVNV Funding, LLC</u>, Case No. 16-80643-CIV-Smith (S.D. Fla. Sept. 3, 2020) (granting motion to dismiss when plaintiff's second affidavit alleging injuries sufficient to confer standing directly controverted the original affidavit and

---

[3] The cases that J.J. Marshall cites in arguing that a court must dismiss a motion to amend for lack of jurisdiction are inapposite. <u>Wernick v. Matthews</u> addressed whether the appellate court had jurisdiction over an appeal when the applicable statute gave appellate jurisdiction to the Supreme Court, and concluded that it did not. 524 F.2d 543, 545 (5th Cir. 1975). <u>Steel Co. v. Citizens for a Better Environment</u> stated that the Court must determine whether plaintiffs have standing before deciding whether the cause of action gives them the right to recover. 523 U.S. 83, 89 (1998).

allegations). (Doc. 49-1). Instead, Gartrell claims that she can allege those injuries in more detail, as <u>Trichell</u> requires. The Court has jurisdiction to permit her to do so. If J.J. Marshall has a legal basis, it may raise the standing issue again in response to the amended complaint.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Combined Motion to Modify the Scheduling Order and For Leave to Amend the Complaint (Doc. 53) is **GRANTED** such that Plaintiff may file an amended complaint. Plaintiff shall file a First Amended Complaint no later than **February 15, 2021**.

2. Defendant shall respond to the First Amended Complaint no later than **March 8, 2021**. If Defendant moves to dismiss, Plaintiff must respond by **March 29, 2021**.

**DONE AND ORDERED** in Jacksonville, Florida the 28th day of January, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

agb
Copies:

Counsel of record