# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JACARA MONIQUE GARTRELL,
on behalf of Herself and all others
similarly situated,

    Plaintiff,

v.                                      Case No. 3:19-cv-442-TJC-JBT

J.J. MARSHALL & ASSOCIATES,
INC.,

    Defendant.

## **O R D E R**

This case is before the Court on Plaintiff Jacara Gartrell's Third Motion for Class Certification. Doc. 81. Defendant J.J. Marshall & Associates has filed a Response. Doc. 84. Gartrell has filed a Reply. Doc. 87.

## I.    BACKGROUND

This case, alleging that a debt collector violated both state and federal debt collection laws, has been ongoing since 2019. Doc. 1. Gartrell alleges that Marshall violated the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practice Act ("FCCPA") by sending her a collection letter without registering as a debt collector in Florida as required under state law. Doc. 59 ¶¶ 1–2.

A hearing on Gartrell's motion for class certification was scheduled for July 2020. Doc. 36. Before the hearing took place, the Eleventh Circuit decided Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990 (11th Cir. 2020). Doc. 44. Trichell held that plaintiffs bringing a claim against a debt collector in federal court under the FDCPA cannot merely allege statutory violations; they must allege that they suffered an injury-in-fact in order to have Article III standing. 964 F.3d at 1000. The full requirements of standing in debt collection cases are still being determined. See, e.g. Hunstein v. Preferred Collection and Mgmt. Servs. Inc., 17 F.4th 1103, No. 19-14434, (11th Cir. November 17, 2021) (ordering en banc review of FDCPA case). However, in this case the effects of Trichell are clear: Gartrell must allege not only that she received a dunning letter from out-of-state debt collector Marshall, but that it caused her an injury-in-fact. Otherwise, she does not have standing to bring a claim on her own behalf or that of a class.

Following briefing from the parties on Gartrell's standing, the Court granted Gartrell leave to amend her complaint. Doc. 58. Gartrell's Amended Complaint reiterated allegations that Gartrell received a dunning letter from Marshall demanding $612.92. Doc. 59 ¶ 16. In the Amended Complaint, she alleges that "she found [the] letter intimidating," it "made her upset and stressed," and that she "wasted time" reading the letter and discussing it with her attorney. Id. ¶¶ 18, 19. Gartrell did not pay the debt, though she alleges

that "[h]ad [she] not consulted with her lawyer, she would have utilized one of the payment options in the letter despite J.J. Marshall being unregistered to collect debt in Florida." Id. ¶ 21. The Amended Complaint is a putative class action that brings claims on behalf of "[a]ll persons in the State of Florida who received at least one collection letter from J.J Marshall in substantially the same form" as the one Gartrell received. Id. ¶ 31. Marshall filed an Answer to the Amended Complaint. Doc. 67.

Gartrell then filed a Renewed Motion for Class Certification, to which Marshall filed a response. Docs. 71, 75. The Court held a hearing on the Renewed Motion in July 2021. Doc. 79. At the hearing, Gartrell's counsel made an ore tenus motion to modify the class to account for class standing challenges, proposing a class composed of individuals who paid money in response to Marshall's letter and therefore had standing. The Court terminated the previous Motion for Class Certification to permit Gartrell to amend the class. Doc. 80.

Gartrell has now filed a Third Motion for Class Certification. Doc. 81. The Motion proposes the following class:

> All persons in the state of Florida who received at least one collection letter from JJ Marshall and who thereafter made a payment to JJ Marshall on the debt referenced in the collection letter.

Id. at 6. The class is limited by the applicable statute of limitations, and thus brings claims from April 17, 2018 to the present under the FDCPA, and April 17, 2017 to the present under the FCCPA. Id. Gartrell states discovery has shown that there are 256 individuals who "sent payment to JJ Marshall" and are therefore class members.[1] Id. at 16. Gartrell argues that her class should be certified pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of law or fact predominate over individual issues, and class adjudication would be superior to individual determinations. FED. R. CIV. P. 23(b)(3); Doc. 81 at 21. The Motion also argues that Gartrell has standing under Trichell because of her alleged injuries upon receipt of the letter, which include loss of time and anxiety. Id. at 7–11.

Marshall's response argues that the class cannot be certified because what Gartrell is "actually proposing [is] both a statutory damages class composed of all persons that received a collection letter from J.J. Marshall and made no payment and an 'actual damages sub-class' composed solely of persons who made a payment in response to receiving the letter." Doc. 84 at 15. She is not a member of this "actual damages sub-class," and therefore cannot represent it. Id. at 18.

---

[1] Assumptively Gartrell herself is not included in this number, because she did not send payment to Marshall.

4

Gartrell's reply argues that following <u>Transunion v. Ramirez</u>, 141 S. Ct. 2190 (2021), a class must include those who have claims against the defendant and who have Article III standing. Doc. 87 at 1. Gartrell argues her putative class meets these criteria, because "she received the unlawful collection letter and she has Article III standing," and that she and the rest of the class derive standing from different injuries "is a distinction without a difference." <u>Id.</u> at 1–2.

## II.  DISCUSSION

Class actions are explicitly contemplated in the FDCPA. 15 U.S.C.A. § 1692(a)(1)(B) (authorizing damages up to $1,000 for each named plaintiff, and $500,000 or 1 percent of the net worth of the debt collector for the remainder of the class); 15 U.S.C.A. § 1692k(b)(2). The Eleventh Circuit has noted that "class actions are a more efficient and consistent means of trying the legality of collection letters," and "the high likelihood of a low per-class-member recovery militates in favor of class adjudication." <u>Dickens v. GC Servs. Ltd. P'ship</u>, 706 F. App'x 529, 538 (11th Cir. 2017) (quotation marks omitted). Classes under the FDCPA must fulfill the requirements of Federal Rule of Civil Procedure 23.

A threshold requirement of class certification is that the named plaintiff is part of the proposed class. To have "class representative standing," a "class representative must . . . be part of the class and possess the same interest and suffer the same injury as the class members." <u>Fox v. Ritz-Carlton Hotel Co.</u>,

5

L.L.C., 977 F.3d 1039, 1046 (11th Cir. 2020) (quotation marks omitted); General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 156 (1982); see also In re Brinker Data Incident Litig., No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508, at *7 (M.D. Fla. Apr. 14, 2021). Gartrell's proposed class is defined as all individuals who received a letter from Marshall and "thereafter made a payment to JJ Marshall on the debt referenced in the collection letter." Doc. 81 at 6. Gartrell did not make a payment on the debt referenced in the collection letter. Doc. 59 ¶ 21.

Gartrell argues that because she received the same letter as members of the putative class, she is able to represent them. Id. She relies on Keele v. Wexler, a Seventh Circuit case decided in 1998 ruling on whether a named plaintiff in a debt collection class action had standing to represent subclasses who had paid a demanded debt collection fee, when she had only paid the debt itself. 149 F.3d 589 (7th Cir. 1998); Doc. 87 at 3. The Seventh Circuit allowed that named plaintiff to represent the classes because while "the class representative must possess the same interest and suffer the same injury as the individuals he or she seeks to represent," this requirement was fulfilled because she received the letter and was entitled to statutory damages. 149 F.3d at 593–94 (quotation marks omitted). This case is not helpful here; not only was the named plaintiff actually a member of some of her proposed sub-classes, but it is outside of this circuit, and pre-dates binding cases limiting a named

6

plaintiff's ability to represent a separate class, including Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011).

Marshall argues that Gartrell has actually proposed a "statutory damages class composed of all persons that received a collection letter," and an "actual damages sub-class" of people who paid after receiving the letter. Doc. 84 at 15. There is no such discussion of classes and sub-classes in Gartrell's Motion, though she discusses the "statutory damages class" in her reply. Doc. 87 at 2. While Marshall's arguments regarding a proposed "actual damages sub-class" lend clarity to its standing counterarguments, they are unnecessary. Gartrell herself does not propose an "actual damages sub-class." Doc. 81. On the plain reading of her proposed class, "[a]ll persons . . . who received at least one collection letter who thereafter made a payment to JJ Marshall on the debt referenced in the collection letter," she is not a member of the proposed class and cannot be its class representative. The class, as proposed, cannot be certified.[2]

## III. CONCLUSION

This motion is Gartrell's third attempt to certify a class. The first Motion for Class Certification (Doc. 33) was withdrawn following the Eleventh Circuit's

---

[2] Because Gartrell is not a member of the proposed class, she is also unlikely to meet Rule 23(a)'s requirements of commonality, typicality, and adequacy of representation. FED. R. CIV. P. 23(a).

7

decision in Trichell. The second was withdrawn after Gartrell's counsel stated at the hearing on the motion that Gartrell intended to propose a new class. Docs. 79; 80. Now, Gartrell proposes to represent a class of which she is not even a member. The Court cannot certify such a class.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Jacara Gartrell's Third Motion for Class Certification is **DENIED**.

2. No later than **March 11, 2022**, the parties will file a proposal on how to proceed.

**DONE AND ORDERED** in Jacksonville, Florida the 8th day of February, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

agb
Copies:

Counsel of record